IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **ERNEST LEE,** § | | |
| Plaintiff, § | | |
| § | | |
| § | Civil Action No. 1:15-CV-00213-P-BL | |
| vs. § | | |
| § | | |
| **STATE FARM LLOYDS,** § | | |
| Defendant. § | JURY DEMAND | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Ernest Lee (hereinafter "Plaintiff"), and complains of Defendant, State Farm Lloyds (hereinafter "Defendant"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is an individual whose residence is located in Abilene, Taylor County, Texas.

2. Defendant, State Farm Lloyds, is a company engaged in the business of adjusting insurance claims. This includes the residential policy number 84-TV-9505-5 and claim number 43-532H-513, which applies to the Plaintiff's residence, and is at issue in the present case. Defendant has appeared and answered through counsel, and is before this Honorable Court for all purposes.

3. This matter revolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's property in this matter. In

addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly evaluating the extensive losses associated with this case.

4. Plaintiff owns the Property, which is similarly situated and all issues in this matter, located at 60 Harvard Place, Abilene, Texas 79603 (the "Property").

5. Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to hail and other storm related events, among other enumerated perils.

6. On or around June 12, 2014, the Property, the subject of this lawsuit, suffered incredible damage due to hail and other storm related conditions.

7. In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

8. Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question.

9. Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

10. Moreover, Defendant failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

11. In the months following, Plaintiff provided information to Defendant, as well as opportunities for Defendant to inspect the Property. However, Defendant failed to conduct any independent or fair investigation into the damage to the Property. Moreover, Defendant failed to

properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations regard to Plaintiff's claims.

12. Despite Defendant improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

13. Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

14. Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

15. Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy that Plaintiff paid for, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

16.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

17.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Defendant.  Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

18.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## **CONDITIONS PRECEDENT**

19.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## **AGENCY**

20.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment with Defendant.

## BREACH OF CONTRACT

21. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22. According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive damages caused by the hail storm.

23. As a result of the hail storm, Plaintiff suffered extreme external and internal damages.

24. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

26. Defendant's collective actions constitute violations of the DTPA, including but not limited to, §§ 17.46(b) (12), (14), (20), (24), and § 17.50(a) (4) of the Texas Business & Commerce Code. Defendant Lloyds collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

27.    As described in this First Amended Complaint, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under § 17.46 (b)(5) of the DTPA.

28.    As described in this First Amended Complaint, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7) of the DTPA.

29.    By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the hail event and then not doing so, Defendant has violated § 17.46 (b)(5), (7) and (12) of the DTPA.

30. Defendant has breached an express warranty that the damage caused by the hail event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under § 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

31. Defendant actions, as described herein, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3) of the DTPA.

32. Defendant's conduct, acts, omissions, and failures, as described in this First Amended Complaint, are unfair practices in the business of insurance in violation of § 17.50 (a) (4) of the DTPA.

33. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices by Defendant to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this First Amended Complaint.

34. Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

35. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## VIOLATIONS OF TEXAS INSURANCE CODE

36. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

37. Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21, §§ 4(10) (a) (ii), (iv), and (viii) (codified as § 541.060), Article 21.21 § 11(e) (codified as § 541,061), and Article 21.55 § 3(f) (codified as § 542.058). Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

  e.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

  f.  Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

38. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to his detriment. Accordingly, Defendant became the insurer of Plaintiff.

39. As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

40. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

41. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d) of the Texas Business & Commerce Code or Article 21.21 § 16(b) (1) (codified as § 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

42. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

43. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

44. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's damages.

45. Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant conduct.

## UNFAIR INSURANCE PRACTICES

46. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

47. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

48. Such violations include, without limitation, all the conduct described in this First Amended Complaint, plus Defendant failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant unreasonable delays in the investigation, adjustment, and resolution of

Plaintiff's claims and Defendant failure to pay for the proper repair of Plaintiff's property, as to which Defendant liability had become reasonably clear.

49. Additional violations include Defendant hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's hail damage and other related claims. Plaintiff further includes Defendant failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

   a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

   b. Engaging in unfair claims settlement practices;

   c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

   d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Defendant's liability had become reasonably clear;

   e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

   f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

   g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

50. Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this First Amended Complaint.

## WAIVER AND ESTOPPEL

51. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

52. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

53. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

## ADDITIONAL DAMAGES & PENALTIES

54. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

55. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and §§ 38.001-.005 of the Civil Practice and Remedies Code.

## **PRAYER**

Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

                Respectfully submitted,

                */s/ Zach Moseley*
                Zach Moseley
                Texas Bar No. 24092863
                Federal I.D. No. 2706476
                zach@vosslawfirm.com

                **ATTORNEY-IN-CHARGE**

**OF COUNSEL:**
Bill L. Voss
Texas Bar No. 24047043
Federal I.D. No. 602663
Scott G. Hunziker
Texas Bar No. 24032446
Federal I.D. No. 38752
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 5, 2016, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Rhonda J. Thompson
Thompson, Coe, Cousins and Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Tel: 214-871-8200
Fax: 214-871-8209
email: rthompson@thompsoncoe.com
*Counsel for Defendant*

                                                s/ Zach Moseley
                                                Zach Moseley